# UNITED STATES DISTRICT COURT
## FOR THE
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

John Licona Jr.                                §
    Plaintiff                          §
v.                                             §           CIVIL ACTION NO:
                                               §
"SEE ATTACHED"                                 §

## COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION

**COMES NOW,** John Licona Jr., Plaintiff, and brings forth this COMPLAINT(s) against

multiple Defendants who are government officials and law enforcement officers of

Wharton County, Texas USA and Defendant(s) who are government officials and law

enforcement officers of the Municipality of El Campo, in Wharton County Texas, USA.

Plaintiff will show multiple egregious violations of Plaintiff's Constitutional rights to be

at liberty from the egregious corruption and poison that has engulfed our criminal judicial

system here in Wharton County Texas. It's not the system that needs reform…it's those

who have CAPTURED the U.S. Constitution for their political agenda…to destroy the

Bill Of Rights by weaponizing it to their advantage. It is they who need to be sent to a

concentration camp to be reformed. Plaintiff therefore presents the following grounds:

I.      Parties To This Complaint

       1. The Plaintiff
          John Licona Jr.
          P.O. Box 535
          Pierce, Texas 77467
          or
          294 Armour Street
          Pierce, Texas 77467
          Direct: 1+(346)-277-4747
          Email: johlicona@yahoo.com

2. The Defendant(s)

    a. Defendant No. 1
       Michelle Roy
       Municipal Judge
       315 E. Jackson Street
       El Campo, Texas 77437
       Phone: 1+(979)-543-1212
       Email: mroy@cityofelcampo.org

    b. Defendant No. 2
       Tim Drapela
       Wharton County Justice of The Peace
       Precinct 4.
       605 E. Calhoun
       El Campo, Texas 77437
       Phone: 1+(979)-543-4322
       Fax: 1+(979)-543-1568

    c. Defendant No. 3
       El Campo Police Department
       Chief David Marcaurele
       1011 West Loop
       El Campo, Texas 77437
       Phone: 979-543-5311
       Email: dmarcaurele@cityofelcampo.org

    d. Defendant No. 4
       Wharton County Sheriff's Office
       Sheriff Shannon Scrubar
       315 E. Elm Street
       Wharton, Texas 77488
       Phone: 979-532-1550

    e. Defendant No. 5
       April Reed
       Assistant Community Supervision Officer
       Wharton County Probation Office
       321 E. Milam Street
       Wharton, Texas 77488
       Phone: (979) 532-4413
       Fax: (979)532-4771

I.    Jurisdiction

This Court has exclusive and supplemental jurisdiction over this cause of action.

Wharton County comes under the colors of the Southern District of Texas Houston.

Subject matter respecting the violations by Defendant(s) arise under the following

case law, articles of, amendments to and clauses of the United States Constitution:

a) the Deleware v. Prouse decision, 440 U.S. 648 (1979);

b) the 8th Amendment's cruel and unusual punishment clauses;

c) the 14th Amendment's due process clause;

d) the 9th Amendment's disparage and deprivation clause;

e) the "to promote the general welfare" clause in the pre-amble

   to the United States Constitution;

f) the NYSRPA II v. Bruen decision 597

g) the 14th Amendment's abridgement clause;

h) the 14th Amendment's equal protections clause;

i) the 10th Amendment's reserved powers clause;

j) Miranda v. Arizona, 384 U.S. 436 (1966);

k) all clauses of the 4th Amendment.

l) Article VI  Supreme Clause of the U.S. Constitution

**Discovery**

Discovery in this matter will be conducted under the guide of Rule

26 of the Federal Rules of Civil Procedure.

*NOTE: Plaintiff asserts his right for this Honorabe Court to hold him to less stringent
        standards than a formal pleadings drafted by lawyers. - Haynes v. Kerner, 404
        U.S. 519 (1972)

II.    Standing

> USC Title 42 Chapter 21 Section 1983 and 1st Amendment redress clause
>
> gives Plaintiff standing to bring this suit.
>
> a) Three Defendants named in this suit come under the colors of Wharton
>
>    County Texas, USA.
>
> b) Two Defendants in this matter come under the colors of the El Campo
>
>    Police Department which is situated in the Municipality of El Campo,
>
>    Wharton County Texas, USA.

II.    Residence of Parties

> Plaintiff and all Defendants are of, reside and work in Wharton County,
>
> Texas USA for at least six months.

SECTION
III.            Statement of Claims Against Defendants

### Defendant No.1:  Municipal Judge Michelle Roy

Claim No. 1

Plaintiff was charged with two counts of theft under 100 dollars in the City of

El Campo, Texas and was set to appear in court for trial. This court denied Plaintiff's

right to discovery. This court denied Plaintiff's right to due process under the Texas

rules of civil and criminal procedure as well as the U.S. Constitution's 14th Amendment

due process and equal protections under the law clauses. Plaintiff had to fight his case

pro se for no public defender was presented to him. Trial date was set for December

15, 2022. Plaintiff was denied a jury trial. Plaintiff was not allowed process to secure

witness nor evidence to fight his case. The court informed Plaintiff the trial was to

commence on the date of December 15, 2022. No discovery, no pre-trial hearing, no

jury selection was to occur on that day. This left Plaintiff no legal remedies to fight.

Plaintiff called the court on December 12th, and informed the court he would enter a plea of nolo contendere to resolve the case seeing he was barred from discovery nor securing witnesses to fight his case. The court agreed and sent Plaintiff the plea agreement via electronic mail. Plaintiff signed the plea agreements and the case was resolved. When Plaintiff failed to pay the remaining $220.00 fine owed to the court, the Judge (Defendant No. 1) issued not only an arrest warrant for failing to pay what was owed on the fine, the judge also issued and extra two arrest warrants for failure to appear for a total of three warrants. Plaintiff was arrested a second time and jailed. The Texas statute that guides and is ruling authority over this offense prohibits jail time for this offense yet Plaintiff was jailed 3 days on 2 separate arrests. Defendant No. 1 had no legal authority to commit this unlawful action.

 Plaintiff was arrested and rather than having to pay the remaining fine owed, Plaintiff was fined an extra thousand dollars for failure to appear. Plaintiff never failed to appear. Defendant No. 1 had no authority to issue warrants for failure to appear because the case was already resolved even before the trial date. There was no trial because the plea agreement ended the case. Still this municipal judge engaged in judicial misconduct in abusing her discretionary power while violating the 8th Amendment cruel and unusual punishment clause in the process. It's highly cruel and unusual for charging a person for failure to appear and then punishing said person AFTER the case was already resolved. Plaintiff went through all this for theft value that was not more than ten U.S. dollars. Plaintiff's further investigation uncovered more violations by Defendant No. 1. This judge violated her own court order/judgment when she issued two extra arrest warrants.

On February 27, 2023 Plaintiff sent Defendant No. 1 an electronic message

informing Defendant No. 1 that Plaintiff was preparing a federal cause of action against

her and that he would be seeking punitive damages,  pain and suffering damages,

monetary damages and injunctive relief, namely, her removal from the judicial bench.

An email was also sent to the city attorney of this pending suit and issued a warning

to the city attorney as respects retaliation.  What followed was, indeed, retaliation on

a large scale against a citizen.  Approximately two weeks later the retaliation began.

### Plaintiff  Prays for Relief

Violations of our Supreme Laws should come with supreme punishments. Defendant No. 1 is

an elected official who violated her oath of office on multiple counts.  Those who are elected

to high office who decide countless fates of citizens need to be severely punished in order

to serve as an added deterrent to those who wish to violate our Supreme Laws. Justices from

the Supreme Court down to the lowest municipal court are COMMANDED to defend

citizens rights. The Supreme Clause of Article 6 of the United States Constitution requires

judges to defend the Constitution and the rights therein.  This judge violated Article 6

by completely ignoring it.   Municipal judge is an illegal position created by the illegal

incorporation of powers reserved only to the States, not the municipalities. Because of her

high crimes and illegal bench, Defendant No.1 should be immediately removed from her

illegal position under the 10th Amendment reserved  powers clause. The United States

Constitution only allows for State Justices, not municipal justices operating on their own

accord under an illegal municipal government. Only the States are guaranteed a republican

form of government under Article 4 section 4 of the U.S. Constitution.  No guaranteed

governments for municipalities.  We have reserved powers  in the 10th Amendment for many

reasons. To prevent mob or dictatorial rule is one of them. Abuse of power is rampant in

Wharton County. Plaintiff prays for punitive damages because Defendant broke our Supreme

Laws on multiple counts. Plaintiff prays for one million U.S. Dollars for punitive and mental

pain and suffering relief. Since Defendant No. 1 has no issues illegally having citizens arrested

and stealing money from citizens via law violations under the colors of a municipal judge,

Defendant No. 1 should have no just cause for not paying the high price for her high crimes

against Plaintiff. Plaintiff prays for relief.

First Complaint against Defendant No. 1 ends on this line.

---

SECTION
III.     Statement Of Claims Against Defendants…continued

### Defendant No. 3
### City of El Campo Police Department: Chief David Marcaurele

Claim No.1

Plaintiff brings forth 2 counts of incompetence and negligence against the El Campo

Police Department and Chief of Police David Marcaurele for neglecting to properly

provide formal Constitutional training to its police officers as respects civil matters and

property rights. Patrol officers/investigators are not to involve themselves in civil matters.

On or about the day of March 17th, 2023 at approximately Plaintiff arrived to his

home on 711 W. Monseratte Street in the City of EL Campo, Texas USA 77437.

Plaintiff was still seated in his car in the back of his property when all of sudden an

armed force of the El Campo Police Department, identified as Officer K. Gonzales

Badge number 502, illegally entered Plaintiff's property. The Officer proceeded all the

way to the back of Plaintiff's property where Plaintiff was still seated in his car.

Plaintiff did not see the officer approaching. The officer then swung open the driver's

door of Plaintiff's vehicle with such a velocity that it damaged the door hinge.

The officer then demanded that Plaintiff provide identification. Plaintiff was in

such shock he fell into a state of confusion and couldn't focus on what was happening

to him. The officer kept demanding identification while commencing to interrogate

Plaintiff as respects a contract she claimed she had just read and reviewed. The armed

Officer then proceeded to force Plaintiff off of his own property and issued a Criminal

Trespass Warning which was to last one year. This Officer claims she had also read an

order from the MUNICIPAL court. Municipal courts do not handle evictions in Texas.

Plaintiff asked to view the order and the officer told him to get a copy from the

municipal court. She had no Writ Of Execution in hand. No Court order. This

officer acted on her own volition. The contract she was reading from and trying to

explain the meaning to Plaintiff was written, none other, but by the Plaintiff.

A patrol officer with no legal background trying to interpret a contract and explain

to Plaintiff about a contract Plaintiff authored. This was an egregious attack on

Plaintiff's property rights as well as Plaintiff's due process rights were violated.

Plaintiff's peace of mind was violated and Plaintiff's God given inalienable

right to be at liberty on his own property was violated. This officer was acting

as if this is 1940 Germany. We don't live under a secret gestapo who looks to remove

people from their property and turning said property owner into a criminal without just

cause.

First Complaint against No. 3, Defendant El Campo Police Department ends on this line

-------------------------------------------------------------------------

## Defendant No. 3
## City of El Campo Police Department: Chief David Marcaurele

Claim No. 2

Plaintiff brings forth a 2nd count of incompetence and negligence against the El Campo

Police Department and it's Chief of Police David Marcaurele for neglecting to properly

provide formal Constitutional training to its police officers as respects criminal handling

of evidence (chain of command, false charges, tampering with evidence) and remaining

within jurisdiction when enforcing the law.  On or about March 14th, 2023 between the

hours of 8 p.m. and 11 p.m. Plaintiff was pulled over by El Campo Police Officer Zellar

Badge 516  in an unincorporated area outside the city limit of  El Campo Texas.  The officer

was in his cruiser about a mile out of the city limits when Plaintiff , heading southwest

on interstate 59,  passed the officer's cruiser. The cruiser immediately got behind Plaintiff

who was not breaking the law. The cruiser then turned on his cruiser emergency lights

to pull Plaintiff over.  When Plaintiff was pulled over, his vehicle still was not even in

the city limits of El Campo Texas.  The officer pulled Plaintiff over and told plaintiff

that the officer received a call that Plaintiff was driving wreckless.  Interesting that a

city dispatch would receive a  911 call from a vehicle that was traveling through

Wharton County and not even close to the  EL Campo city limit. A deputy dispatch

at the Wharton County Sheriff's Office should have received that call...NOT the city

of El campo Police Dispatch. In fact, Plaintiff has been pulled over in the same location

by a deputy sheriff in the past...the case is still ongoing by the way.  The county is refusing

to allow Plaintiff due process in that no insurance ticket.   The officer then arrested

Plaintiff for possession of marijuana and tampering with evidence.  When  Plaintiff

was booked and placed in  the jail holding cell...Officer  Zellar paid Plaintiff a visit in

his holding cell to continue interrogations. This is highly unusual for an arresting officer

to visit an alleged wrongdoer after the accused has been booked and placed in a jail cell.

The reason for the officer's visit, however, is that the officer came to tell Plaintiff that

the substance Plaintiff was arrested for was, in fact, NOT marijuana. Seems the officer

was doing his own tampering and found out the substance was NOT marijuana.

Plaintiff replied: "I could have told you that".    The officer then asked what the substance

was. Plaintiff replied: "no more questions". You said I was arrested for marijuana.

Plaintiff continued with the reply telling the officer he needed to withdraw the charge and

 "set me free". The officer refused and left Plaintiff in jail to be prosecuted on a false

charge. Plaintiff was left in jail to be prosecuted for a crime that never happened.

This is an egregious attack on Plaintiff's right to not be arrested under false pretenses

or false charges.  Officer Zellar conducted no field test to determine what the substance was.

He only assumed it was marijuana. In Harris County, police officers conduct field tests

before making arrests. This is an attack on Plaintiff's 14th Amendment right to have equal

protections under the law.  Harris County Texas performs field tests while Montgomery

and Wharton County (surrounding counties of Harris) are not conducting field tests.

Wharton and Montgomery county peace officers are simply arresting citizens on a hunch

or their assumptions.  We cannot have citizens arrested on mere assumptions or hunches

of a police officer.  Plaintiff is currently on bond fighting these cases using his Constitutional

right to secure witnesses and testimony and using his right to confront his accusers.

A court appointed attorney has been denied to Plaintiff.  Plaintiff cannot afford an attorney

so Plaintiff must fight his cases Pro Se.  El Campo City Police at this time, May 30, 2023,

are refusing to release to Plaintiff the jailhouse surveillance and audio footage showing

Officer Zellar interrogating Plaintiff while plaintiff is in a jail cell. This is an egregious

attack on the discovery process outlined in the Texas rules of civil and criminal

procedures respecting discovery in civil and criminal cases.

### Plaintiff Prays For Relief

Supreme violations of our Supreme Laws should come with Supreme Punishments.

The El Campo Police Department needs to compensate Plaintiff for the property rights violations

By officer K. Gonzales Badge 502 and the extreme inalienable due process violations and illegal

Actions committed by officer Zellar badge 516 including the violations of Miranda v. Arizona.

Plaintiff needs to be compensated for these high crimes against him. This continued harassment

and continued violations against Plaintiff's inalienable rights is weakening his trust in this system.

Plaintiff cannot live his life as such always fighting a corrupt local government that has done

nothing but burn up our Bill of Rights while claiming to be a constitutional loving state. These

corrupt leaders only care about their guns and religion. To hell with what the Bill Of Rights

dictates as respects the accused and the convicted. These corrupt politicians, in Wharton County

and it's municipalities, sponge off Plaintiff's income, and property tax dollars and invest

NOTHING in a public defender program and no constitutional training provided for Police

Officers, which of whom, by the way, are charged also with defending and upholding a

citizen's Constitutional rights yet these police officers do nothing but always try to usurp our

Bill of Rights. Why do the men in blue always try to usurp the rights of the citizens?

The actions by officer Zellar have happened to Plaintiff in the past destroying his life. However,

Plaintiff is sick and tire of the corruption poisoning our judicial system that has continually

destroyed Plaintiff's life.  Plaintiff cannot even go to his home which was once owned by

Plaintiff's WWII hero grandfather without fear.  Plaintiff lives in perpetual fear our judicial

system here in Texas. What is BLM doing in Seattle?  They need to be here…in Texas.

Plaintiff, a once proud courageous patriot American who has been reduced to hating police

and hating those in LOCAL power with such a passion that it eats him up mentally on a daily

basis. Plaintiff lives his life as a free man and intends to stay a free man.  Plaintiff is on the

verge of losing yet another job because of the corrupt police and corrupt judicial system

here in Texas. At least the D.A. in Harris County Texas is trying to make strides respecting

criminal justice reform.  But not the surrounding counties of Wharton and Montgomery

where due process is DEAD.  Plaintiff's grand-pappi did not fight in WWII so his grandson

can live in 1940 Germany's gestapo.  My WWII hero out of EL Campo Texas, my grand pappi,

is turning over in his grave because of what is happening to his grandson.   His grandson,

(Plaintiff), now has to seek extreme mental suffering assistance, including depression and

a not much of a will to carry on in life.  Plaintiff has suffered immense emotional damage

and trauma because of the actions of these Defendants.  That damage carries over into the

hearts and minds of Plaintiff's loved ones who care deeply about their father, son and brother.

My grandfather did NOT fight for this BULLSHIT!!!! Plaintiff will soon have nothing left

but his knowledge of the law. The State Of Texas has destroyed the will of Plaintiff to carry

on in life.  Plaintiff prays for supreme relief being as how his supreme rights were violated.

Plaintiff seeks punitive, extreme mental pain and suffering damages from the EL Campo City

Police Department of $100,000,000.00 US Dollars to be dispersed to him and his two daughters,

their husbands and Plaintiff's two grand daughters.  Plaintiff asks for these damages as well as

injunctive relief to halt these unconstitutional acts against him now and future actions against

We The People.  Plaintiff prays for relief.

Second Complaint against  Defendant No. 3, El Campo Police Department ends on this line.
_____

SECTION
III.        Statement Of Claims Against Defendants…continued.

**Defendant No.4**
**Wharton County Sheriff's Office: Sheriff Shannon Scrubar**

Claim No.1

Plaintiff  brings forth the allegations of negligence on the part of the Wharton

County Sheriff's  Office and Sheriff Shannon Scrubar for failing to properly provide

training to it's deputies on the Constitution as respects the constitutional rights of a

citizen to be at liberty without harassment or retaliation. On or about March 21, 2023

at approximately 10:23 p.m. Plaintiff was in his car heading to his home at 711 W.

Monseratte Street in EL Campo Texas when Wharton County Deputy  Koudela

pulled Plaintiff over in his own driveway for no reason.  Plaintiff was not violating

any  traffic laws.  Plaintiff  opened his car door to get out and the deputy was pointing

his gun at Plaintiff telling  Plaintiff to put his hands on the car and arrested Plaintiff

for no reason. Plaintiff asked  "why are ya'll always pulling me over for no reason?

The deputy answered: "because your registration is out".  Plaintiff was thinking to

himself  how on earth could this  deputy see Plaintiff's registration sticker when the

registration sticker is on the front windshield and the  deputy  cruiser was

behind Plaintiff's car.   How was the deputy able to see that Plaintiff's registration

sticker was out of date when it was almost 10:30 at night?  How did this deputy know?

The deputy knew Plaintiff's registration was out of date because he received that

information illegally or he was informed by what we call an informant. The deputy

placed Plaintiff  under arrest and locked Plaintiff up in his cruiser while he and other

el campo city police officers illegally searched Plaintiff's car without his consent or

without a search warrant. Does a mere alleged traffic violation give the police a green

light to search your person or your property?  When Plaintiff  asked what he was arrested

for the deputy said quote: "You will find out when you get to jail".  This was an

egregious attack on Plaintiff's civil rights.  Since when are police allowed to pull a

citizen over on his own property and arrest a citizen and not tell the citizen what he

is arrested for? Needless to say no Miranda Rights were recited to Plaintiff.  Plaintiff

always asks what charges he is being arrested for.  Plaintiff's car was searched illegally

by multiple Deputies who arrived on the scene and also was assisted by officers of the

El Campo City Police department.  One of these officers was officer Zellar  Badge 516

who arrested Plaintiff only seven days earlier for possession of marijuana in which officer

Zellar eventually found out was not marijuana.   Plaintiff was seated in the back of the

patrol cruiser observing all the officers search his car.  Plaintiff also observed  Officer

Zeller continually  conversate  with Deputy Koudela during the search.   Plaintiff is not

stupid.  Plaintiff  knows very well that Officer Zellar  was telling Deputy Koudela that

the substance he found was merely a cooking spice. For this reason Deputy Koudela

would not tell  Plaintiff  what he was arrested for.  Deputy Koudela  then had Plaintiff's

car towed away from his very own driveway even after Plaintiff informed the deputy

 that he lived there.  Plaintiff was already on bond for the arrest by Officer Zellar

exactly 7 days earlier.  The deputy then proceeded to take Plaintiff to jail still not

informing Plaintiff what he was arrested for.  After Plaintiff was booked and ready

to be placed in jail, Plaintiff asked again what he was being charged with.  The Deputy

replied possession of a control substance but would not name the substance.  This is an

egregious attack on Plaintiff's Constitutional rights.  Its been 2 months and Plaintiff still

does not know what substance he was arrested for.  How in hell do we live in a society

where a Citizen can not be told what he is arrested for and sent through the process to

be prosecuted? Do we live in a banana republic? NO. What you have here is harassment

and retaliation on such a grand scale against a law abiding citizen.  Any citizen who is

a free man and not incarcerated with no outstanding arrest warrants, is known as a law

abiding citizen.  Plaintiff is presenting evidence against a municipal judge, and two police

forces that could very well lead to an investigation of conspiracy to weaponize the judicial

system and police force against a citizen.

## Plaintiff Prays For Relief

Plaintiff asks for punitive and pain and suffering damages which total $100,000,000.00

U.S. Dollars.  Injunctive relief is sought via an investigation by the United States

Department of Justice.  Plaintiff petitions this Honorable Court do direct the

Department Of Justice, Merrick Garland, to open an investigation of Defendant

No. 1  Municipal Judge Michelle Roy, Defendant No. 3, The El Campo Police

Department and its Chief David Marcaurele and Defendant No. 4, The Wharton County Sheriff's Office and it's leader, Sheriff Shannon Scrubar. Plaintiff is alleging that these three Defendants and/or their sub-ordinates have conspired to retaliate against him. It's a small corrupt county...they all vote for each other and go home for a barbeque while discussing how they can further burn up the United States Constitution while claiming Texas is a Constitutional loving State. However, it's quite the opposite here in the deep South. The hub of the Confederacy. Everyone knows each other which means all the politicians and police forces pat each other on the back with wink wink as to what needs to be done. Plaintiff's suggestion is that they better not pull a Hillary Clinton and begin deleting emails. Plaintiff prays for relief. We need to end this 2 tier justice system beginning in Texas.

First claim against Defendant No. 4 ends on this line.

_____

SECTION
III.       Statement Of Claims Against Defendants...continued

**Defendant No. 2**
**Tim Drapela: Justice of the Peace, Wharton County, Texas**
**Defendant No. 5**
**April Reed: Wharton County Probation Officer**

Claim No 1
Multiple counts of violations

Plaintiff brings this suit against Justice of the Peace, of Wharton County, Texas USA. Plaintiff 1st order of claim is to ask the following question? Since when does a Justice of the Peace have the legal authority to preside over criminal felony cases? Plaintiff is currently on bond for three criminal charges. Two Class A misdemeanors and one Class B Felony in this

Court since March 14th and March 21st respectively.  Plaintiff argues that this Defendant

No. 2 should not be presiding over his cases. Plaintiff asserts that this judge is illegally

sitting on the bench that should be occupied by a District Judge.  Plaintiff further accuses

this Judge of enforcing an unconstitutional law, Texas Code Of Criminal Procedure Section

17.40 which was passed by the Texas legislature and signed into law in 1996.  As the

Honorable Supreme Court Justice Amy Coney Barrett wrote as respects the Bruen decision:

"But neither the convention proposals nor historical practice supports a legislative powers

to categorically disarm felons because of their status as felons".  The rights of the convicted

cannot be taken away.  Why take only the 2nd Amendment?  All should be taken…if taking

rights away based on conviction was legal to begin with. It never was in early law practices

of the earlier legislators of this country.  Plaintiff argues that this same opinion can be

applied to another law that removes rights but for the innocent until proven guilty.

Texas Code Section 17.40 which states in part " to secure a defendant's attendance at trial,

a magistrate may impose any reasonable condition of bond related to the safety of a victim

of the alleged offense or to the safety of the community".  Reasonable conditions of bond

cannot include taking away the rights of the innocent until proven guilty.  This is an egregious

attack on an individual's Constitutional rights and it hurts the public because We The People

are all at risk of having our rights taken way even for the lowest of offenses that have nothing

whatsoever to do with public safety.  Neither one of Plaintiff's current three pending charges

will place an individual nor the public safety in danger. Plaintiff further asserts that, even if

public safety or individual was a right…this law would still be Constitutionally illegal.

Before 1996, it was not the history nor tradition for legislatures to need further illegal

punishments to secure attendance of alleged wrongdoers simply to benefit the safety of

a victim nor public safety. Plaintiff also argues that the Pre-Amble to the United States

Constitution dictates that the common defense is to be provided for and the "general

welfare is to be PROMOTED".   Provided for and to be Promoted are two different

words with two distinct meanings. They don't  have the same meaning.  Plaintiff argues

that welfare or the safety and security of an individual or public is NOT a Constitutional right.

Plaintiff further argues that if  Defendant No. 2 counter-argues that safety of an individual

or public safety in general is, indeed,  a constitutional right,  Plaintiff asks: where is that

language found in the United States Constitution?  Is the right to abortion found in the

United States  Constitution? Plaintiff  asserts  that no,  the right to abortion is not found

in the Constitution nor is the right to individual safety or public safety. The language is

not there to support that theory.  Counter with the language in the 9th Amendment which

dictates no right can disparage or deny another right of a citizen.  If the public or an

individual believe they have a constitutional right to safety and security by the government,

they cannot use that right to take away ANY  rights from another citizen which of whom

already has secured in the U.S. Constitution or any other rights that are inalienable. This law

(Texas Code 17.40) of placing an alleged wrongdoer on probation and taking away

his Constitutional rights to due process, not only violates the 9th amendment, it also violates

the promoted welfare clause of the pre-amble to the United States Constitution. Further

Texas Code section 17.40 violates the rights of citizens 14th Amendment due process rights

because this law is imposed and forced upon the innocent until proven guilty without

due process. Plaintiff was not provided legal assistance from the time he went before the

magistrate to this very day on all three cases.  Plaintiff further argues that this law and it's

process also violated his constitutional right to have an attorney present before signing away

his rights in a legal document . This is exactly what is taking place. Plaintiff  has three cases

pending before Defendant No. 2 in his court room.  Plaintiff has been denied a public defender

by this judge and court on all three cases.   Plaintiff further claims that this court forces alleged

wrongdoers to sign away their rights if they want a bond.  If not the alleged wrongdoer

is denied bail. This is an egregious attack on Plaintiff's right to due process and an

egregious attack on Plaintiff's 6th Amendment Constitutional  right to "have compulsory

process for obtaining witnesses".  Because Plaintiff has been denied assistance of counsel

and  Plaintiff cannot afford an attorney.   Plaintiff cannot even afford the 402 dollar filing

fee for this suit. Plaintiff  has to file a Pauper's Oath attached to this suit because  Plaintiff

is on the verge of bankruptcy and on the verge of losing his paid for home and property.

Plaintiff cannot even go to his home without fear of retaliation. These illegal practices are

currently damaging Plaintiff and this is why Plaintiff is petitioning this Honorable Court

for Preliminary Injunction halting  This illegal practice that is destroying the  judicial

system of  We The People.  Plaintiff  has signed all three bond documents signing

away his rights. However, when Plaintiff signed these documents he did not have his

eye glasses and had to be pointed  where to sign by a jailhouse deputy who is not an attorney.

When Plaintiff was released he then had his eye glasses so he could read the bond conditions.

On the document outlining  the bond conditions at the bottom the Defendant No. 2 has a

disclaimer which reads: "I,  Tim Drapela, Judge, hereby certify that I  considered each

factor required by the Code of Criminal Procedure Article 17 (a) for setting bail and the

information provided by the Public Safety Report System, if applicable".  Plaintiff argues

that the Public Safety Report System violates Plaintiff's 5th Amendment rights not to be

subjected to his past offenses. That is exactly what the Public Safety Report System does.

Plaintiff further asserts that in this document of  bond requirements the judge can either

mark each requirement as MANDATORY or DISCRETIONARY.  Plaintiff will show that

all of his requirements on all three cases are, indeed, discretionary and not mandatory.

However, Plaintiff  later found out almost 2 months later that he is being placed on

probation while on bond.

**Claim No. 2**

On May 19th 2023 Plaintiff received a voice mail message from Defendant No. 5, Wharton

County Probation Officer April Reed.  Plaintiff was ordered to appear before her at 3:30 p.m.

and that if  Plaintiff  had ANY questions that we would discuss those questions. Plaintiff,

 indeed, had many questions.  When Plaintiff arrived at the Adult Probation  Office

Ms. April Reed had more papers and more rights for Plaintiff to sign away. When Plaintiff

asked questions such as what the $1,440.00  fine was for, Ms. Reed refused to answer.

Plaintiff told Defendant No. 5  that he did not agree to probation.  Ms. Reed stated "that it

is not probation."    Plaintiff responded that it is, indeed, probation and Plaintiff  further stated

that he would not sign the document without the presence of his attorney which he did

not have because he was denied assistance of counsel.  Defendant No. 5 presented

Plaintiff with the bond condition documents and stated to Plaintiff :  "sir you signed these

documents agreeing to these conditions".  Plaintiff responded:  "oh, so I was forced to sign

away my rights under duress,  in order to get a bond?  That is illegal."  Defendant No. 5

was obviously becoming extremely angry.  She then said: "I will report to the court that you

failed to appear".  Plaintiff stated:  "ma'am I am here. I did not fail to appear. I am refusing

to sign your illegal document without the presence of an attorney."  Defendant No. 5 became

so extremely enraged that her malicious intention was to provide mendacious deposition

to the Court respecting Plaintiff so that Plaintiff can be re-arrested.  This is an outright

egregious attack on Plaintiff's right to be on bond without illegal  conditions forcing him

to relinquish his constitutional rights and Defendant No. 5 was expecting Plaintiff to sign

another document signing away more rights.  Defendant No.5  is an unelected official

who should not have this arbitrational power over the lives of the accused.  Defendant No.5

was so enraged at what Plaintiff was telling her, you could see the anger in her bulging eyes.

Defendant No. 5 emotions and her political persuasion were taking over her ability to perform

her duties without a pre disposed opinion and attitude towards Plaintiff. Unelected officials

should not have this power.  Plaintiff raises the question: How did Defendant No. 5 attain

this power to overrule and make the conditions mandatory after Defendant No. 2 the judge

already set the conditions to discretionary?  How did Defendant No. 5 acquire the power

vested in and delegated to an elected official?  Plaintiff argues that Texas Code Of Criminal

Procedure  Section 17.40  delegates this power to a Magistrate Judge…not a probation officer.

Again, Plaintiff asks how did this delegated power of an elected official end up in the hands

of an unelected official who cannot control her emotions and allows her emotions and her

predisposed political persuasion to influence her decisions?  Plaintiff argues that Defendant

No. 2,  Justice of the Peace Tim Drapela may have re-delegated the authority vested in

him being as how Defendant No. 2 is a justice of the peace who can act as a magistrate

yet Defendant No. 2 cannot be on the bench of a District Judge according to the laws

of the State of Texas.  Plaintiff now makes the claim and STRONG assertion that we

have judges in Texas willfully violating their own court orders and Texas laws. This is

now Plaintiff's second example found on the face of this complaint.  Plaintiff presents

violations of multiple infractions with grounds proving all of his claims against Defendant

No. 2 and Defendant No. 5.  Defendant are indeed worthy of judicial review.

### Plaintiff  Prays For Relief

Plaintiff seeks punitive damages in this particular claim against Defendant No. 2 and

Defendant No. 5 punitive damages for breaking our Supreme Laws should come with

Supreme Punishments.  Plaintiff seeks $1 million U.S. Dollars for punitive and pain

And suffering damages. Plaintiff  is suffering immediate damage and petitions this

Honorable Court to grant his Petition For Preliminary Injunction which is attached to this

suit.

All claims against Defendant No.2 and Defendant No 5 end on this line.

---

THIS PAGE ENDS COMPLAINT AGAINST ALL DEFENDANTS.  PLAINTIFF RESERVES
THE RIGHT TO AMEND THIS COMPLAINT(s).

.

Respectfully submitted

John Licona Jr.     Pro Se
P.O. Box 535
Pierce, Texas 77467
Direct: 346-277-4747
Email: johlicona@yahoo.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the  this instrument  COMPLAINT and

Preliminary Injuction has been forwarded by a method prescribed Federal Rules of Civil

Procedure, on this 31ˢᵗ day of May, 2023 to all  Defendants named in this suit

Defendants 1 through 5.  Plaintiff will request a Federal Marshall to serve the

Defendant's whose name and address follows:

Defendant No. 1
Michelle Roy
Municipal Judge
315 E. Jackson Street
El Campo, Texas 77437

Defendant No. 2
Tim Drapela
Justice of the Peace Precinct 4 Wharton County
605 E. Calhoun
El Campo, Texas 77437

Defendant No. 3
El Campo Police Department
Chief  David Marcaurele
1011 West Loop
El Campo, Texas 77437

Defendant No. 4
Wharton County Sheriff's Office
Sheriff Shannon Scrubar
315 E. Elm Street
Wharton, Texas 77488

Defendant No. 5
April Reed
Assistant Community Supervisor Officer
Wharton County Probation Office
321 E. Milam Street
Wharton, Texas 77488

**John Licona Jr.   Pro Se**
**Plaintiff**

Date May 30, 2023

## <u>TABLE OF CONTENTS</u>

1) COVER SHEET

2) INABILITY TO PAY COSTS – Pauper's Oath

3) PRELIMINARY  INJUNCTION

4) ATTACHED DEFENDANT'S LIST

5) COMPLAINT