# UNITED STATES DISTRICT COURT
## FOR THE
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION



| | | |
|---|---|---|
| John  Licona  Jr. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No: 4:23-cv-01978 |
| | § | **United States Courts** |
| | § | **Southern District of Texas** |
| | § | **F I L E D** |
| Michelle Roy  Et al. | § | |
| | § | SEP 2 3 2024 |
| Defendant | § | |
| | § | Nathan Ochsner, Clerk of Court |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT, MICHELLE ROY AND PARTIAL SUMMARY AGAINST DEFENDANT, THE CITY OF EL CAMPO

Plaintiff, John Licona Jr., files this Motion for Summary Judgment, against

Defendant No.1, Michelle Roy *only* and Partial Summary Judgment against Defendant

No.7, City of El Campo, Texas and will present grounds as follows:

# I
## INTRODUCTION

1.     Plaintiff's motion for summary judgment applies to  Defendant No.1, Michelle

Roy, *only*, an un-elected judge.     A partial summary judgment against the City of El

Campo which is the governmental entity who appointed her as presiding judge in 2015.

2.     This is a civil rights action brought under Title 42 Section 1983 against Defendant

No. 1,  Municipal Judge Michelle Roy of the City of El Campo, Texas USA on May 30,

2023.  Plaintiff has asserted multiple claims against Michelle Roy, alleging four claims

upon which relief can be granted pursuant to the exception clause of  Title 42 Section

1983.                                         1

3.    Title 42 §1983 dictates that, based on the accusations regarding violations of her

own declaratory order(s) found in her final judgment(s),  Defendant Michelle Roy has

lost her qualified judicial immunity. Judicial immunity which is illegal to begin with.

4.    This motion for summary judgment applies to Michelle Roy *only* and partial

summary judgment against the City of El Campo who appointed her as judge.

Plaintiff  has asserted that Municipal Judge, Michelle Roy, has lost her "qualified

immunity" by violating her own declaratory order(s) found in her final judgment(s) she

handed down against Plaintiff while he was a defendant in her municipal court.

Michelle Roy has violations pursuant to the exception clause outlined in Title 42 §1983.

5.    Plaintiff is alleging 4 claims with multiple counts of violations per claim: judicial

misconduct, violation of the 8th amendment cruel and unusual punishment clauses and

violation(s) of a declaratory order or judgment and retaliation.

6.    Plaintiff asserts that,  Defendant No.1, Michelle Roy violated her own declaratory

Orders 4 times, two for each of her  judgment(s).  For the above  reasons and the

following arguments and authorities,  summary judgment on all of  Defendant, Michelle

Roy's infractions and partial summary judgment on the city of el campo are warranted.

## II
## STATEMENT OF MATERIAL FACTS

1.    Plaintiff will only provide facts to support the material issues regarding his

allegations of  Michelle Roy's infractions, chronicled in her docket sheet of filings

and proceedings.  Plaintiff  has attached the EC Municipal Court Docket Sheet as it

pertains to Plaintiff's 2 cases while he was a defendant in Roy's court.  *See Exhibit R* $Rg$ $1+2$

2.    On December 15, 2022,  I,  John Licona Jr., Plaintiff, was to appear for jury trial

*continued on page 3*                    2

in Defendant Michelle Roy's municipal court to answer for a petty theft charge.

3.      Plaintiff had already accrued monetary credit for the 2 charges by spending 2 days (48 exact hours) in the El Campo Police Jail as both cases were set for trial, **leaving the following amounts owed** to Roy's court:   a. Case CT010392-1 monetary amount owed of $107.94 and b. Case CT010386-01 monetary amount owed of $112 .73. Monetary amount Plaintiff owed to Roy's court for both cases, totaling: $220.67. *See Exhibit H and I in Plaintiff's First Brief In Support of Plaintiff's Original Complaint Doc.13.   Also See Monetary Court Receipts, Exhibit R Page 4.*

**Examining Exhibit R Proving Plaintiff's Allegations:**
**Violation(s) Of A Declaratory Order or Judgment Pursuant to the Exception Clause Of  USC Title 42 Section 1983 Supporting Plaintiff's Third Claim For Relief  Violation of Declarator Order/Judgment and Retaliation**

5.      Plaintiff has alleged that Michelle Roy violated her own declaratory order or judgment by issuing two extra arrest warrants without just cause. Plaintiff will explain.

6.      Plaintiff never appeared in court for a reason that he planned, NOT to pay one dime to Roy's court and that he would sit out the remaining amount owed for the two cases in jail one more day to satisfy the amount owed.  Michelle Roy then issued the arrest warrant on 01/26/2023 per her order/judgment.

7.      Michelle Roy's docket sheet shows that on 01/30/2023 Roy **recalls** the warrant requesting clerk to send a show cause notice.   **On this day, rather than adhering to her own declaratory order(s) Roy placed Licona back on the docket to go through the judicial system again AFTER the case(s) were resolved and deposed.**

8.      Plaintiff now shows, with Roy's docket sheet that this is the instance where **process NOT due** was placed back on Licona.  Michelle Roy will not be able to show on

3

her judgments where she planned on placing Licona back on her docket and **order** him to appear in court yet again when Licona was not legally obligated to appear in court any longer. Counties & cities in Harris & Fort Bend don't do this, resulting in 14th Amendment equal protections infraction by Michelle Roy. El Campo should follow suit.

9. Plaintiff has presented this Honorable Court two judgments where Defendant's declaratory orders are found. See Exhibits H & I. No place on the face of either of the judgments are found, what we call in the legal world, "in the alternative", explaining what other remedy Roy would use. That language is not found on the face of her two judgments. Therefore Michelle Roy violated her own orders by placing Licona back on her court docket because Roy wanted to know why Licona chose to **follow her own judgments**, and not pay the fine but rather do the jail time. This is where she began the **violations of her own court judgments** by deviating from the language on its' face.

**Phone Call And Coversation On 02/15/2023 Omitted From Roy's Docket Sheet**

10. On 07/21/2022 item 11 of Roy's docket sheet, court clerk Rodriguez mentions "more calls made" but only references one issue or topic of the conversations omitting the full conversations from the record. Plaintiff made another call to the court on 02/15/2023 that this court has failed to list on the docket sheet. This call is what **triggered Roy's anger towards Licona and her quest to make his life harder by making him appear in court yet again when she knew darn well he could not. Licona is a working man.**

11. On 02/15/2023 Licona made an appearance by phone to the court and explained in detail and in length what **options** he would take to resolve the matter. Licona explained that he would not pay the fine but do the jail time to resolve the matter and

*continued on page 5*                                    4

run the cases concurrent with another open traffic offense that Licona still has open **to this very day** in justice of the peace, Tim Drapela's, court. *See Plaintiff's Opposition To Defendants Motion To Dismiss Plaintiff's Original Complaint, Doc. 9 Exhibit B*

12.    Licona also informed Roy's court that, after speaking Drapela's court clerk, **Bea Watson**, Justice Tim Drapela would not allow Licona jail time for his traffic offense which too is unconstitutional.   Licona was enraged that all of his due process rights were being  violated and made his anger known to Michelle Roy's Court for her court was doing the same thing in not allowing due process. Roy's court did not like being lectured on the U.S. Constitution and plain out said they "don't care about the Constitution".  This conversation was omitted from Roy's docket sheet where Roy's court picked and choose what parts of the conversation to note on the docket sheet. The docket sheet itself says there were more calls but do not cite the calls nor ANY of the conversations that took place.  Plaintiff has pleaded this in his Response In Opposition To Defendants Motion To Dismiss Plaintiff's Original Complaint. *See Doc. 9 Exhibit B*

a.    *Note :   Plaintiff is correcting a defective statement.   In Plaintiff's First Brief In Support Of Plaintiff's Original Complaint, Doc.13, 3rd line of paragraph 1(d) on page 5 Plaintiff states that a "telephone conference on January 15, 2023" took place between he and Michelle Roy's court.  The telephone conference actually took place on February 15, 2023.*

b.    *Note:  Roy's court did not like being lectured on the U.S. Constitution and plain out said they "don't care about the Constitution.  This conversation was omitted from Roy's docket sheet where Roy's court picked and choose what parts of the conversation to note on the docket sheet. The docket sheet itself says there were more calls but do not cite the calls nor ANY of the conversations that took place.*

c.    *Note:   Plaintiff is using his last name in this Summary Judgment **only** to differentiate between being a defendant then and being a plaintiff now. Plaintiff is learning when not to write in the 3rd person.  Pleadings will be as if in the 3rd person, however, should this case go to trial, Plaintiff will not use the 3rd person before a jury should Plaintiff fail to find a lawyer to assist him.*

5

**Examining Exhibit R & 8th Amendment Cruel & Unusual Punishment
Clauses Proving Plaintiff's Allegations  Violating The 8th Amendment
Supporting Plaintff's Second Claim For Relief**

13.     Plaintiff  has alleged that on or about the 26th day of February 2023, Defendant

Michelle Roy continued punishing him after his two cases in her court had already been

adjudicated and deposed.  These actions interfered with Plaintiff's right be free from cruel

and unusual  punishment by issuing **two extra arrest warrants.**

14.     On the 26th day of February 2023 the unusual punishment was enforced yet this

date marked the enforcement date only.   Initial disclosures by Defendant No.1 gave

Plaintiff  the **finding of fact,** that violations of the 8th Amendment began sooner, on the

30th of January 2023 when Michelle Roy recalled the original warrant and placed Licona

back on her docket.   Licona's **due process rights** were **violated** when Michelle Roy

**forced him into the process yet again.**

15.     Plaintiff asserts that this was cruel on Michelle Roy's part and unusual in that

counties such as Harris and Fort Bend do not engage in double jeopardy type behaviors

of forcing defendants back on their dockets.  This too is a violation of the 14th

Amendment equal protections under the law.  Plaintiff should be treated equally by each

county and each judge throughout the State of Texas save punishment phases.  Michelle

Roy does not have discretion to follow her own criminal code procedure nor violate her

own declaratory orders found in her two judgments against Licona.

16.     On 02/15/2023  Roy ordered her clerk to issue two arrest warrants for  failure to

appear (FTA) for each case when Licona did actually appear by phone and gave Michelle

Roy the just cause she wanted.    But to Michelle Roy, it was not just.  To Licona it was

justified.  Licona and We The People (jury) decide what is just. That power belongs to us.

17.     All the justification required by Roy was immaterial for Licona **did not have to appear in court AGAIN** to begin with.   Licona chose to follow Roy's Final Judgments containing ALL  her declaratory orders.   These cases were already **closed pursuant to Michelle Roy's Final Judgments** yet Michelle Roy chose to illegally open the cases back up to **force Licona into the process again** with no justification on her part.  Rather than Licona, it was Roy who ignored her orders which resulted in the violations of Licona's 8th Amendment right to be free from cruel & unusual punishment.

**Examining Judicial Misconduct Pursuant To The
Infractions Of Defendant No.1 Supporting Plaintiff's
First Claim For Relief Against Michelle Roy**

18.     Concise statement of material fact.  Every allegation Plaintiff  has levied against Defendant No.1 Michelle Roy is true and correct demonstrating that Defendant, while in the capacity of her official position, has engaged in judicial misconduct throughout the entire process of prosecuting Licona in her municipal court.

19.     Plaintiff has proven that the judicial misconduct of  Michelle Roy has resulted in the monetary theft of  Plaintiff while Plaintiff was proceeding through the judicial system in her courtroom.  Defendant's judicial misconduct also includes ALL other allegations/claims against her.

**Examining Violations of 14th Amendment Due Process/Weaponiztion
Of Michelle Roy's Official Position Supporting Plaintiff's Fourth Claim
For Relief Against Defendant No.1, Michelle Roy**

20.     Plaintiff  has shown that Defendant No.1, Michelle Roys' judicial misconduct has lead her abuse her discretionary power and RETALIATE against a citizen of the United States.  Plaintiff asserts Michelle Roy and her court clerk were angered when Plaintiff

basically lectured her court on the United States Constitution and the violations they were

and are guilty of.  Anger which lead  her to weaponize her bench further against Licona.

21.      Michelle Roy suspended the due process rights of  Plaintiff during Plaintiff's

entire journey through her judicial court by not allowing any discovery process in her

courtroom.  Plaintiff was not allowed to secure witnesses, nor acquire evidence to defend

his case(s) with an affirmative defense against a judge who told him she would go after

the maximum penalty allowed showing no compassion. Why would she? As stated on

one of her judgments…"for the use and benefit of the City of El Campo…".

22.      Plaintiff has asserted all along, that Defendant's main goal was to  engage in a

money grab and that is exactly what Michelle Roy.  Defendant's infractions did, indeed,

cause monetary financial theft against plaintiff  also resulting in undue financial loss and

pain and suffering upon Plaintiff.

23.      Finally,  Defendant No.1, Michelle Roy, **intentionally** violated Plaintiff's 14th

Amendment due process rights when she **FORCED  Plaintiff into the judicial**

**process/system AGAIN** which some may construe as DOUBE JEOPARDY.

### III
### STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

The following issues are to be ruled upon by the Court:

1.      Does  Plaintiff's judicial misconduct claims against Defendant No.1, Michelle

Roy  prevail?

2.      Does Plaintiff's  8th Amendment cruel and unusual punishment claim against

Defendant, Michelle Roy prevail?

3.      Does  Plaintiffs  declaratory order violations claim against Michelle Roy prevail?

8

4.      Do  Plaintiff's 14th Amendment Due Process and Equal Protections under the

law claims prevail?

5.      Do  Plaintiff's weaponization and retaliation claims against Michelle Roy prevail?

## IV

## ARGUMENTS & AUTHORITIES

### A.      Standard of Review

Plaintiff asks this Honorable Court to grant him summary judgment under Rule

56(c) of the Federal Rules of Civil Procedure.    Rule 56(c) requires issuing summary

judgment  "if the pleadings, depositions, answers to interrogatories, and admission on

file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law."

*Anderson v. Liberty Lobbby, Inc.*, 477 U.S. 241, 248 (1986).    The moving party bears

the initial burden of "informing the Court of the basis of its motion" and identifying those

portions of the record "which it believes demonstrates the absence of a genuine issue of

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party meets its burden, the non-moving party must "go beyond

the pleadings" and identify "specific facts" in the record "showing that there is a genuine

issue for the trial."   *Id. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986).   The moving party is entitled to summary judgment if no "rational

trier of fact" could find that the non-moving party could prevail based on the

record evidence. *Resolution Trust Corp. v.  Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d

1398, 14 01 (5th Cir. 1993).

Plaintiff has presented material facts with respects to all of his claims and Plaintiff is entitled to judgment as a matter of law. Accordingly, this Court should grant Plaintiff's Motion for summary and partial summary judgment.

Plaintiff anticipates that Defendant, Michelle Roy, will claim that she was in her judicial discretion to deviate from her own orders and bring Licona back into court to explain why he chose not to pay the monetary amount owed to her court when Licona had already done so via a phone conference call to her court. A phone call conversation she will not be able to produce. In fact, Plaintiff challenges Defendant to produce the CD recorded calls and transcripts of ALL calls outlined in her very own docket sheet. She will not be able to produce even evidence of those calls and conversations. And as outlined in Michelle Roy's docket sheet…"there were more calls made", yet Defendant will not be able to produce those calls, especially a call made to her court on 02/15/2023.

## V
## Closing Arguments For Defendant No.1, Michelle Roy

Plaintiff is re-asserting his citing of Hanes v. Kerner standard of review as respects being allowed to present proof on a different standard than a degreed licensed attorney and petition this Court to honor this case law. The Court is now fully briefed concerning Defendant No.1, Michelle Roy. Defendant has offered nothing in its defense to counter any of Plaintiff's claims nor arguments, each of which have been proven and sustained.

Plaintiff has shown, that even the investigating El Campo Police Officer, Mark Noriega found, after reviewing the evidence against Licona, admitted that Licona was only in the store a couple of minutes showing that Licona was not hiding anything nor

being discreet in his actions. Licona wanted to get caught. He had to. It was all part of

the bet proving that Licona is no regular thief. Licona is in the process of opening up a

hotel on his property. Licona has other plans known as legal plans. Mark Noriega also

ran a background check (CCH) on Licona, showing Licona had no previous convictions

for theft. This finding of fact did not sway Defendant, Michelle Roy's pre-disposed mind

to go after the maximum penalty against Licona, knowing this was his only theft offense

as the record showed and still shows. See Exhibit R Page 3.

For these reasons and all other previous pleadings presented, Plaintiff

respectfully requests that this Honorable Court grant his Motion for Summary Judgment

in its entirety, and grant Partial Summary Judgment against the City of El Campo Texas

who appointed Michelle Roy as Judge and is responsible for forcing her upon the people

who are supposed have the power in states to elect their judges. Defendant, the City Of

El Campo will claim it is a sub-division of the State of Texas, in this case, the municipal

judge should be an elected state judge presiding over its sub-division.   Plaintiff has

presented and proven his case against Michelle Roy and the City of El Campo Texas in

such a fashion, Defendant(s) will not be able to overcome nor prevail even before a jury

of their peers.

## VI
## Prayer

Plaintiff has prove  his case for declaratory relief in monetary form. Plaintiff will

offer Defendant another opportunity to settle this case before this Honorable Court rules

on this Summary Judgment, in fact, Defendant knows they have all the way up to the

beginning of trial to settle. However, should this case go to trial…Plaintiff intends to ask

the Jury to award him the entire amount Plaintiff prayed for in his Second Amended
Original Complaint.

Plaintiff has a strong case and believes he will prevail. For all the reasons
presented to this Honorable Court, Plaintiff is currently asking for the entire amount set
out in his SAOC Prayer. In the alternative, Plaintiff will also respect this Court's
decision to award him the amount of $75 thousand U.S. Dollars for it is the minimum
amount that must be sought after in a federal civil action. Plaintiff will accept whatever
this Court has to offer for Plaintiff has complete faith in this Honorable Court to do what
it feels is correct and right in his eyes. Again, Plaintiff is re-iterating the fact that he
never intended to get rich off the local government as those in local government are
getting rich off him and We The People. Plaintiff prays for relief.

Respectfully submitted,

John Licona Jr.   Pro Se
P.O. Box 535
Pierce, Texas 77437
Direct: 1+ (346) - 277-4747
Email: johlicona@yahoo.com

**PLAINTIFF**

12

## CERTIFICATED OF SERVICE

I herby certify that on September 23, 2024, I electronically served all counsel of

record representing all defendants in this matter. On September 24th, 2024 Plaintiff will

send hard copies to all counsel of record via USPS as a verification that the Defendants,

indeed, received the above foregoing instrument pursuant to methods prescribed by the

Federal Rules of Civil Procedure. All forwarded to the following email correspondence

and physical addresses of counsel, in part, to assist in preventing more delays:

Alex Stelly Jr.                                      §   Casey Cullen
Calvert, Eaves, Clarke & Stelly, L.L.P.              §   Cullen, Carsner, Seerden & Cullen, LLP
Beaumont Toweer                                      §   119 S. Main Street
2615 Calder Avenue, Suite 1070                       §   Victoria, Texas 77901
Beaumont, Texas 77702                                §   Phone:361-573-6318
Phone: 409-832-8885                                  §   Email: ccullen@cullenlawfirm.com
Email: astelly@calvert-eaves.com                     §

                                                     John Licona Jr.

13

Plantiff's
Exhibit R
4 PAges
1 CoveR

EHIBIT
R

El Campo Municipal Court
Docket of Filings and Proceedings

State of Texas
v
John Licona
Cause Number: CT010386; CT010386F
Offense: Theft <100; VPTA/FTA

| NO | Date | FILINGS AND PROCEEDINGS |
|---|---|---|
| 1 | 03/23/2022 | FILED - Incident Report forwarded to El Campo Municipal Court requesting warrant to be issued |
| 2 | 03/23/2022 | Warrant issued |
| 3 | 04/20/2022 | FILED - Complaint |
| 4 | 05/24/2022 | Prisoner magistration |
| 5 | 05/24/2022 | Judgment Slip signed by Defendant- Not Guilty Plea requesting Jury Trial |
| 6 | 05/26/2022 | FILED -A R, WRNT Listing, J C Log ($300.00), MW, Judgment slip PR Bond sheet |
| 7 | 05/26/2022 | Defendant appeared at court window as instructed by Judge Roy during magistration |
| 8 | 05/26/2022 | Plea Form signed by Licona requesting Jury Trial FILED |
| 9 | 05/26/2022 | Pre-Trial notice signed and FILED - Trial set for 7/21/2022 |
| 10 | 07/21/2022 | FILED - Prosecutor's Admonishment to the Defendant |
| 11 | 07/21/2022 | FILED - Prosecutor's Recommendation in Exchange for Waiver of Appeal Signed by Mr. Kerzee attorney representing the State - defendant rejected plea offer and did not sign- Def. left court Court clerk Rodriguez phones defendant, he indicated he is wanting to change his plea to no co and pay balance owed. Deft fails to come in and change plea and pay fine and cc. More calls made to which def indicates he will come in and change plea and pay fine - he does not. |
| 12 | 11/17/2022 | Jury Trial notice mailed to defendant at the last known address letter returned to court with a yellow sticker from post office attached which reads RETURN TO SENDER UNABLE TO FORWAI |
| 13 | 12/02/2022 | Defendant called and spoke with T Rome, Deputy Court Clerk - said he would come in on the following Friday the 9th of December to change his plea to no contest and pay the fine - he did r |
| 14 | 12/12/2022 | Defendant calls and requests plea forms be sent to him via email @ johlicona@yahoo.com. Cou Clerk E Rodriguez sends forms and request they be signed and returned to her same day. He do |
| 15 | 12/15/2022 | 8:30 AM Defendant fails to appear for Jury Trial, the jurors are released at 9:00 AM |

Exhibit R Fig. 2

State of Texas v John Licona CT010386 01

| 16 | 12/15/2022 | 12:43 PM defendants emails signed plea forms changing his plea to No Contest FILED |
| 17 | 12/15/2022 | FILED  Judgment entered ordering defendant to pay the balance of 112.73 by January 15, 2023 |
| 18 | 12/15/2022 | Court Clerk E. Rodriguez emails judgments to defendant - he does not reply to email nor does he pay the balance |
| 19 | 01/26/2023 | CP warrant issued for defendant FILED |
| 20 | 01/30/2023 | Warrant recalled by the Judge - requesting clerk send a Show Cause notice to the Defendant |
| 21 | 01/30/2023 | FILED - Show cause Notice set for February 15th 2023 (mailed to Defendant same day) |
| 22 | 02/15/2023 | FTA Complaint Filed |
| 23 | 02/15/2023 | Warrant issued for FTA and Theft charge. |
| 24 | 02/26/2023 | Defendant Arrested for Theft and VPTA/FTA pd fine and court costs |

**EL CAMPO POLICE DEPARTMENT**                    **CFS #342353**                    **Incident #2022-353**

it. The combo plate is valued at $5.96. He also took a soda water drink. He did not pay for the drink. The drink is valued at $1.98. He was only in the store for a couple of minutes. Garcia had his Manager call for the Police Department as soon as he saw him. Garcia will make a DVD later. He will contact the Police Department when it is ready. I recorded the incident on my body cam and In Car video unit 0391. He made a training receipt of the items stolen. I retained a copy of the training receipt.

I tagged and secured the receipt in the El Campo Police Department Evidence Locker # 013 on 03/21/2022, at 1730 hours.

I downloaded my body cam / Unit 0391 In Car Video to the Watch Guard Server on 03/21/2022, at 1800 hours.

FOLLOW UP INVESTIGATION:   MONDAY   MARCH 21, 2022   1822 HOURS

I Officer C, D, Ceder was dispatched to 3413 West Loop ( Wal-Mart super center) in reference to a follow up investigation. Upon my arrival I met with John Garcia who provided me with DVD for case # 2022-353.

I tagged and secured the DVD in evidence locker # 14, on 03/21/2022 at 1840 Hours.

The in car/ body cam was saved as a non-arrest incident, tagged with this case number and downloaded to the watch guard server on 03/21/2022.

FOLLOW UP INVESTIGATION:   TUESDAY   MARCH 22, 2022   0840   HOURS

I, Sgt. F. Douglas removed the DVD from evidence locker #14 for review.

FOLLOW UP INVESTIGATION:   TUESDAY   MARCH 22, 2022   0845   HOURS

I, Sgt. F. Douglas sent a photograph of the suspect to the Police Department via e-mail in an attempt to help identify him.

FOLLOW UP INVESTIGATION:   TUESDAY   MARCH 22, 2022   0850   HOURS

I, Sgt. F. Douglas returned the DVD back to evidence locker #14.

FOLLOW UP INVESTIGATION:   TUESDAY   MARCH 22, 2022   1000 HOURS

I, Evidence Technician E. C. Schaer, moved the DVD from temporary storage to evidence room DVD bin 24. I moved the receipt from temporary storage to evidence room bin D19.

FOLLOW UP INVESTIGATION:   WEDNESDAY   MARCH 23, 2022   1000 HOURS

I, Sgt. R. Schaer was assigned to investigate ECPD Case # 2022-351. The suspect in my case is the same suspect in this case. I had received three calls from citizens about our ECPD Facebook post from my case. They all had identified the suspect as John Licona Jr, DOB: 09/14/1967. I had TCO A. Harris check for a driver's license with a picture attached. I was able to positively identify the theft suspect from Wal-Mart as John Licona Jr from comparing the suspect picture to Licona's drivers license picture.

TCO Harris ran a CCH on Licona. He had no previous convictions for theft.

FOLLOW UP INVESTIGATION:   WEDNESDAY   MARCH 30, 2022   0954   HOURS

I, Sgt. F. Douglas forwarded a copy of this report to Municipal Court Clerk Terry Quintero requesting a Theft Less Than $100 arrest warrant for John Licona Jr.

FOLLOW UP INVESTIGATION:   WEDNESDAY   MARCH 30, 2022   1113   HOURS

Exhib R Pg 4

-43-

CITY OF EL CAMPO

RECG: 01244625    2/27/2023    9:33 AM
OPER: TB    TERM: 505
REF#: 02643R

TRAN: 100.0000    COURT PAYMENTS
LICONA, JOHN JR
    CT010386 -01              162.73DR
        **PAID**
    CT010386F-01              383.00DR
        **PAID**
    CT010392 -01              157.94DR
        **PAID**
    CT010392F-01              383.00DR
        **PAID**
                           _____
TOTAL BALANCE:                  0.00

TENDERED:         586.67  CREDIT CARD
                  500.00  CASH
APPLIED:        1,086.67-

CHANGE:                         0.00

            Thank You

El Campo, TX - C
Utilities
315 E. Jackson
El Campo
TX 77437
(979)-541-5000

2023-02-26              14:24:20

                                    5
Clerk ID:  59190728560828
Txn ID:

Name: LICONA/MARY
Ref ID:  43018          100838
Terminal No:

**Credit**
**SALE**

                            EMV
Entry:                    -9489
Discover              Discover
APP:         A0000001523010
AID:             0000008000
TVR:                     E800
TSI:

          **APPROVED**
Auth Code:              02643R
Amount:               $586.67
CONV:                  $15.55
TOTAL:                $602.22

         Client Signature

    Juan Licona Sr.

    SIGNATURE OR PIN ENTRY INDICATES
  COMPLIANCE WITH CARDHOLDER PAYMENT
  AGREEMENT, EGV-PAY IS THE AUTHORIZED
         3RD-PARTY FACILITATOR

     CARDHOLDER APPROVES ONE TIME
    NONREFUNDABLE CONV FEE
           THANK YOU

             EGV-PAY
         WWW.EGV-PAY.COM
           800-300-8007

      MERCHANT COPY