United States District Court
Southern District of Texas

**ENTERED**
November 07, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOHN LICONA, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-1978 |
| | § | |
| MICHELLE ROY, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Pending before this Court are numerous motions filed by both Plaintiff John Licona, Jr. ("Plaintiff") and the several defendants in this case. After reviewing each motion, any responses and replies, the record, and any evidence presented, this Court orders the following:

1. Plaintiff's Motion for Summary Judgment and Partial Summary Judgment (Doc. No. 66) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment (Doc. No. 68) is **DENIED**.

3. Plaintiff's Motion for Extension of Time to File Response to Defendant's [72] (Doc. No. 73) is **DENIED** as moot.

4. Defendant City of El Campo, Texas' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 81) is **DENIED**.

5. Defendant Officer Zeller's, and Defendant Officer Gonzales' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 81) is **DENIED** as moot given that the Court is hereby dismissing them because the claims alleged can proceed only against the City of El Campo itself.

6. Defendant Wharton County, Texas' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 88) is **GRANTED** as to it.

7. Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 90) is **DENIED**.

8. Plaintiff's Motion for Leave to File Excess Pages (Doc. No. 91) is **DENIED** as moot.

9. Plaintiff's Motion for Temporary Restraining Order (Doc. No. 92) is **DENIED**.

10. Plaintiff's Motion to Consolidate Cases (Doc. No. 93) is **DENIED**.

11. Plaintiff's Motion to Strike [95] Wharton County's Response to Motion (Doc. No. 97) is

    **DENIED**.

12. Plaintiff's Motion to Sever Cases (Doc. No. 101) is **DENIED**.

## I.    Background

Plaintiff, proceeding *pro se*, has sued numerous officers, municipalities, and agencies of municipalities under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Doc. No. 43). Plaintiff lives outside of El Campo, Texas which is located within Wharton County. (Doc. No. 1 at 1). This lawsuit was initially filed in May 2023, and with each iteration of Plaintiff's complaint, new claims and defendants have been added. (Doc. Nos. 1, 18, 43) (Plaintiff's Original, First Amended, and Second Amended Complaints). It is difficult to decipher many of the factual allegations that underlie much of what exactly Plaintiff believes his local government has done. What is not difficult to decipher, however, is that Plaintiff feels his local government has engaged in "egregious violations of the laws." (Doc. No. 43 at 1). As there are numerous defendants involved in the pending motions, the Court will briefly summarize Plaintiff's claims against each of the defendants.

Defendant Michelle Roy ("Roy") is a municipal judge in El Campo Municipal Court. (Doc. No. 43 at 5). Plaintiff appeared before Roy after he was charged with two counts of theft. (Doc. No. 1 at 4). At some point, Roy allegedly issued an arrest warrant for Plaintiff, and Plaintiff spent

a few days in jail. (*Id.* at 5). In this case, Plaintiff alleges that Roy violated his constitutional rights in numerous ways and that she "weaponiz[ed] her position against Plaintiff." (Doc. No. 43 at 5).

Next, Plaintiff has sued the El Campo Police Department ("ECPD"), ECPD Officer Kourtney Gonzales ("Officer Gonzales"), ECPD Officer J.A. Zeller ("Officer Zeller"), and the City of El Campo ("El Campo"). Plaintiff first accuses Officer Gonzales of "physically forc[ing] Plaintiff off his property without due process," violating Plaintiff's *Miranda* rights, and violating his Fourth Amendment rights. (Doc. No. 43 at 9–13). Officer Gonzales allegedly entered Plaintiff's private property and proceeded to the back of the property where Plaintiff was seated in his car. (Doc. No. 18 at 11). The officer then allegedly "swung open the driver's side door" of Plaintiff's car and "damaged the driver side door hinge." (*Id.*). Next, Plaintiff alleges that Officer Gonzales demanded identification and interrogated him to the point where he "felt as if he were being coerced into answering a question he was not prepared to answer." (*Id.* at 12). After this, Officer Gonzales allegedly forced Plaintiff off his own property and issued him a criminal trespass warning. (*Id.*).

As to Defendant Officer Zeller, Plaintiff alleges that, in a completely separate incident from his interaction with Officer Gonzales, Officer Zeller pulled him over and arrested him for possession of marijuana. (*Id.* at 15). Ultimately, Plaintiff maintains the substance he possessed was not marijuana. (*Id.*). Regardless, Plaintiff believes that Officer Zeller wrongly arrested him and "tampered with evidence." (*Id.* at 16). Although, Plaintiff fails to provide clarity on what exactly he means here and what evidence he believes Officer Zeller tampered.

To round out the El Campo-related defendants, Plaintiff has sued ECPD and the City of El Campo. Plaintiff primarily wants to hold these entities liable for their alleged failure to properly train and oversee those ECPD officers Plaintiff feels have violated his rights. (*Id.* at 18–21).

3

Plaintiff has also sued Wharton County, Texas, the county in which he resides. *See* (*id.* at 24–26). Similar to his claims against ECPD and the City of El Campo, Plaintiff accuses Wharton County of failing to provide adequate training and oversight to the Wharton County Sherriff's Office deputies. (*Id.*).

These are the remaining defendants in this lawsuit.[1] Plaintiff has filed multiple motions for summary judgment and moved for leave to file a Third Amended Complaint. Multiple defendants have also filed motions to dismiss. All motions are now ripe for ruling.

## II.    Legal Standards

### A.    Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) permits a named defendant to challenge proper service of the summons and complaint in a case. Fed. R. Civ. P. 12(b)(5). The party making service has the burden of demonstrating its validity when an objection to service is made. *Carimi v. Royal Carriban Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). A district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). *Pro se* litigants are not exempt from the service-of-process requirements. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Under Rule 4(m), when a plaintiff fails to properly serve a defendant, the Court has two choices—either dismiss the action without prejudice or direct that service be effected within a specified time. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the

---

[1] Plaintiff also sued Tim Drapela, Wharton County's Justice of the Peace Precinct 4, April Reed, an Assistant Community Supervision Officer in the Wharton County Probation Department, Wharton County Sheriff's Deputy Corporal Tyler Mican, and the Wharton County Sheriff's Office. Plaintiff has voluntarily dismissed his claims against all four of those defendants. (Doc. Nos. 19, 36, 77).

plaintiff shows good cause." *Id.* Nevertheless, even if good cause is lacking, the court may extend time for service in its discretion. *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### C. Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.   Analysis

#### A. Plaintiff's Opposed Motion for Leave to File Third Amended Original Complaint (Doc. No. 90)

Plaintiff moved for leave to file his Third Amended Complaint, (Doc. No. 90), and Wharton County responded. (Doc. No. 95). Plaintiff then filed his Motion to Strike Wharton County's

Response, (Doc. No. 97), and Wharton County responded to the Motion to Strike, (Doc. No. 99). Plaintiff's Second Amended Complaint is a civil rights action asserting multiple theories of liability under U.S.C. 42 § 1983. (Doc. No. 43). Plaintiff now seeks to file a Third Amended Complaint, insisting that "more infractions by current and new Defendant(s) have occurred." (Doc. No. 90 at 3).

Wharton County asks this Court to deny Plaintiff's request to file a Third Amended Complaint for three reasons: (1) Plaintiff seeks to improperly join unrelated parties and claims; (2) Plaintiff's new claims are governed by the Texas Tax Code, so this Court has no jurisdiction because Plaintiff has failed to first exercise his administrative remedies; and (3) Plaintiff's new claims are frivolous, and the parties he seeks to join are protected by governmental immunity. (Doc. No. 95 at 1).

Federal Rule of Civil Procedure 15 governs amending and supplementing pleadings. Fed. R. Civ. P. 15. Rule 15 determines when a party may amend its pleadings as a matter of course. *Id.* When the deadline for amendment has passed, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). The trial court has discretion on whether to grant leave to amend the pleadings pursuant to Rule 15(a) and should do so freely "when justice so requires." *Id.* Nevertheless, leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). When considering whether to grant leave under Rule 15(a)(2), courts assess "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of the allowance of the amendment, [and] futility of the amendment." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000).

The Court agrees with Wharton County that Plaintiff improperly seeks to add unrelated parties and claims to this lawsuit, which is not permitted under the Federal Rules of Civil Procedure. Plaintiff's Second Amended Complaint, though disjointed itself, was largely centered around Plaintiff's interaction with the criminal justice system and individual interactions with El Campo police officers. In contrast, his Third Amended Complaint seeks to add four new defendants and new, unrelated claims against Wharton County. (Doc. No. 90 at 3–5). Specifically, Plaintiff wants to now sue the Chief Executive Officer of Wharton County, the Wharton County Appraisal District Chief Appraiser, Wharton County Tax Assessor, and another ECPD Officer. (*Id.* at 5). The issue at the center of his Third Complaint appears to relate to his dissatisfaction with how property taxes have been administered in Wharton County. *See* (*id.*).

These new defendants would be improperly joined under Rule 20(2) because Plaintiff's claims against them do not "aris[e] out of the same transaction, occurrence, or series of transactions" and do not share a common question of law or fact. *Id.* Additionally, the numerous other defendants in this case would be unduly prejudiced if deadlines were delayed due to the addition of new defendants and claims. This case has been ongoing for over two years, Plaintiff has already amended his complaint twice before, and this request to file a Third Amended Complaint comes over a year after he filed his Second Amended Complaint. In this context, it is appropriate to deny Plaintiff's Motion for Leave to file an additional complaint. *In re Conley*, 176 F. App'x 452, 453 (5th Cir. 2006) (citing *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427–28 (5th Cir. 2004)) ("Here, the motion to amend the complaint adding new defendants was made five months after the complaint was filed, requested to plead different theories against different parties, and was thus properly denied.").

Plaintiff cannot treat this lawsuit as a catch-all for every grievance he has against any local governmental unit regardless of the topic. For the foregoing reasons, Plaintiff's Motion for Leave to File Third Amended Original Complaint, (Doc. No. 90), is **DENIED**, and Plaintiff's Motion to Strike Wharton County's Response, (Doc. No. 97), is **DENIED**. Plaintiff's Motion for Leave to File Excess Pages, (Doc. No. 91) is **DENIED** as moot. This case should proceed on Plaintiff's Second Amended Complaint.

### B. Plaintiff's Motion for Temporary Restraining Order (Doc. No. 92)

Related to his desire to add new parties and claims to the case, Plaintiff filed his Motion for a Temporary Restraining Order asking this Court to enjoin Defendants from enforcing multiple provisions of the Texas Property Tax Code. (Doc. No. 92 at 1–2). The actions Plaintiff wishes to enjoin are related to the new claims and defendants he seeks to add in his Motion for Leave to Amend. Since that motion was denied for the reasons stated above, Plaintiff's Motion for a Temporary Restraining Order is **DENIED**.

### C. Defendants City of El Campo, Texas, Officer Zeller, and Officer Gonzalez's 12(b)(5) Motion to Dismiss (Doc. No. 81).

Defendants City of El Campo, Officer Zeller, and Officer Gonzalez ask this Court to dismiss Plaintiff's Complaint against them for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). These Defendants claim that "Plaintiff has failed to serve Officer Zeller or Officer Gonzales with any complaint in this matter. In addition, Plaintiff has failed to serve the City of El Campo with his Second Amended Complaint." (Doc. No. 81 at 5).

In his response, Plaintiff first argues that he did not sue "[Officer Gonzales and Officer Zeller] in their individual capacity but rather in their *official* capacity."[2] (Doc. No. 83 at 3)

---

[2] Plaintiff has maintained throughout his pleadings that he has sued every Defendant "in their official capacity and not their individual capacity." (Doc. No. 83 at 4). "Plaintiff seeks to recover from the city treasury." (*Id.*). In his response to Defendant City of El Campo's Motion to Dismiss Plaintiff's *First* Amended Complaint, Plaintiff stated that "[t]he

(emphasis added). Based upon that, he claims service on the City of El Campo would be sufficient to serve both officers. (*Id.* at 3–4). Second, Plaintiff claims that he properly served the City of El Campo by having his father, who is not a party to this lawsuit, hand deliver the summons and complaint to El Campo's "official servicing agent," the City's Secretary. (Doc. No. 83 at 7).

This Court need not decide the issue of service as to the officers. As a preliminary matter, Plaintiff clearly states in his response that he is suing Officer Zeller and Officer Gonzales in their official capacities, not their individual capacities. (*Id.* at 3–4). "A claim against a municipal official in his or her official capacity is tantamount to a suit against the municipal entity." *Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 789 (W.D. Tex. 2016), *aff'd*, 891 F.3d 214 (5th Cir. 2018) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978)). "Thus, when a plaintiff asserts claims against both the municipal entity and a municipal official in his or her official capacity, the Court can dismiss the official capacity claim as 'redundant' to the municipal-entity claim." *Id.* (quoting *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010)). Courts can consider this issue *sua sponte* and dismiss improper parties. *Mariscal v. Ochoa*, No. CIV.A L-09-91, 2010 WL 466710, at *3 (S.D. Tex. Feb. 9, 2010) (*sua sponte* dismissing plaintiff's redundant and duplicative § 1983 claims); *see Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (affirming the trial court's dismissal of allegations against municipal officials in their official capacities as duplicative of the allegations against the governmental entity).

In addition, the Court notes that the El Campo Police Department is not a suable entity separate and apart from the City of El Campo. *Montoya v. Taylor*, 44 F.3d 1005, 1005 n.1 (5th Cir. 1995) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir.1991)). The capacity of an entity to sue or be sued shall be determined "by the law of the state in which the district court

---

officers are sued in their capacity as officers working for the city of El Campo[,] Texas in the policing department of the city . . . not as individual citizens with no government title or government officer position." (Doc. No. 32 at 2).

is held." Fed. R. Civ. P. 17(b)(3). In this case, El Campo is a home rule municipality. The Texas Local Government Code grants all authority to organize a police force to the City itself, see Tex. Local Gov't Code § 341.003, and the Charter of the City of El Campo reserved to the municipality itself the power to "sue and to be sued." Home Rule Charter, City of El Campo, Texas, art. 2, § 2.01.[3] The Charter nowhere grants the police department the power to sue or be sued.

Here, Plaintiff has sued the City of El Campo, El Campo Police Department, and El Campo Police Department Officers Zeller and Gonzales. (Doc. No 43 at 8–9, 13, 18). Since Plaintiff's claims against both officers were clearly brought against them in their official capacity, those claims are duplicative of the claim brought against the City of El Campo. El Campo Police Department is also not a suable entity. As such, this Court **DISMISSES** Officer Zeller, Officer Gonzales, and the El Campo Police Department from this case. Each claim against these defendants is effectively a claim against the City of El Campo and should proceed as such.

The Court now turns to Defendant City of El Campo's argument that it was not properly served with Plaintiff's Second Amended Complaint. (Doc. No. 81 at 5). Service on a local government is governed by Federal Rule of Civil Procedure 4(j). Fed. R. Civ. P. 4(j). Under Rule 4(j)(2), titled "State or Local Government," a state, municipal corporation, or any other state-level governmental organization may be served in two ways: (1) by delivering a copy of the summons and the complaint to the "chief executive officer" of the governmental unit; or (2) by serving a copy of the summons and complaint by that state's law for serving a summons or like process on such defendant. *Id.* 4(j)(2). El Campo is a municipality in Texas, so the Texas service of process rules apply to the second option prescribed in Rule 4(j)(2). Texas law provides that "[in] a suit against an incorporated city . . . , citation may be served on the mayor, clerk, secretary, or treasurer."

---

[3] The City of El Campo's Home Rule Charter, including this specific section, is available at https://ecode360.com/39633691.

Tex. Civ. Prac. & Rem. Code § 17.024(b). Additionally, the Federal Rules prescribe that the summons must be served by someone who is not a party to the case. Fed. R. Civ. P. 4(c)(2).

Complying with Federal Rule 4(c)(2), Plaintiff employed his father, who is not a party to this case, to effectuate service on the City of El Campo of Plaintiff's First Amended Complaint. (Doc. No. 83 at 5). Before his father served the summons and complaint, Plaintiff contacted Kaylee Koudela, the City of El Campo Secretary, via email, and asked who the City's servicing agent was. (Doc. No. 83 at 13). Koudela informed Plaintiff that "[t]he Servicing Agent of the City of El Campo is the City Manager or City Secretary." (*Id.*).

After service was complete, Plaintiff filed the Proof of Service forms executed by Plaintiff's father showing he "served the summons on Servicing Agent: Kaylee Koudela, who is designated by law to accept service of process on behalf of City of El Campo, Texas USA on 1/19/2024." (Doc. No. 35 at 1, 3). Plaintiff's father signed the form declaring "under penalty of perjury that this information [was] true." (*Id.* at 3). This satisfied Rule 4(l)'s proof of service requirement. Fed. R. Civ. P. 4(l). Kaylee Koudela holds the office of the City of El Campo's City Secretary.[4] Under Texas law, executing service on an incorporated city's secretary is a sufficient way to effectuate service on the incorporated city. Tex. Civ. Prac. & Rem. Code § 17.024(b).

Since Plaintiff properly served his First Amended Complaint and summons under Rule 4, "every pleading subsequent to the original complaint" is governed by Federal Rule of Civil Procedure 5. Fed. R. Civ. P. 5(a)(1)(B). An "amended complaint" is considered a "pleading, motion, or other paper, not a summons." *Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 344 (5th Cir. 2005) (citing Fed. R. Civ. P. 5(a)). It follows that, Rule 5 applies to Plaintiff's service of his

---

[4] *City Secretary*, CITY OF EL CAMPO, TEXAS,
https://www.cityofelcampo.org/departments/city_administration/city_secretary.php (last visited Nov. 3, 2025) (indicating Kaylee Koudela holds the position of "City Secretary/Public Information Officer/Records Management Officer").

Second Amended Complaint on Defendant City of El Campo, not Rule 4. *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 697 F. Supp. 3d 635, 643 (E.D. Tex. 2023).

Under Rule 5, when a party is represented by an attorney, like the City of El Campo is in this case, service should be made on the attorney unless the Court orders service on the party itself. Fed. R. Civ. P. 5(b)(1). Rule 5 specifies that sending a document to a registered user by filing it with the court's electronic-filing system is sufficient to serve that document. *Id.* 5(b)(2)(E). Further, the Southern District of Texas Local Rules note that, "[t]he notice of electronic filing that is automatically generated by the Court's electronic filing system constitutes service of the document on those registered as filing users of the system." S.D. Tex. L.R. 5.1. Plaintiff sufficiently served his Second Amended Complaint on City of El Campo under Rule 5 when he filed it in the District's e-filing system and El Campo's counsel received the notice of electronic filing. *See* Notice of Electronic Filing Accompanying Doc. No. 43 (indicating that notice "has been electronically mailed to: Casey Terrence Cullen ccullen@cullenlawfirm.com," Counsel for City of El Campo in this matter).

In their motion, Defendants focus on Plaintiff's attempted service of his First Amended Complaint by ground mail. (Doc. No. 81 at 6 (citing Doc. No. 27)). These Defendants also addressed this issue in their first Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. No. 30). Since then, Plaintiff re-issued summons as to El Campo, Officer Gonzales, and Officer Zeller. Plaintiff also filed his amended affidavit showing summons was delivered by a process server to El Campo's City Secretary. (Doc. No. 35). Defendants do not address this amended affidavit, nor do they address Plaintiff's updated method of service in their Motion to Dismiss.

Plaintiff completed his Rule 4 service with his First Amended Complaint, and he served his Second Amended Complaint under Rule 5 by serving it to counsel via the electronic filing

system. Accordingly, Plaintiff's service of the Second Amended Complaint was proper and Defendant City of El Campo's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 81) is **DENIED**.

### D.  Plaintiff's Motion for Summary Judgment Against Michelle Roy (Doc. No. 66)

Plaintiff moved for summary judgment on his four claims against Roy which include: "judicial misconduct, violation of the 8th amendment cruel and unusual punishment clauses and violation(s) of a declaratory order or judgment and retaliation." (Doc. No. 66 at 2). Roy argues in response that she is protected by judicial immunity, and Plaintiff has failed to produce any competent summary judgment evidence to show any of her conduct was outside of the normal judicial function. (Doc. No. 67). This Court agrees with Defendant Roy.

A judge has absolute immunity from suits for damages. *Mireles v. Waco*, 502 U.S. 9, 9–10, (1991). There are only two circumstances when judicial immunity may be overcome: a judge is not immune from liability for nonjudicial actions, and a judge is not immune for actions, though judicial in nature, that are taken in the complete absence of jurisdiction. *Davis v. Tarrant Cnty.*, 565 F.3d 214, 220 (5th Cir. 2009). The Fifth Circuit uses a four-factor test to determine if a judge's actions were judicial in nature and thus afforded immunity. *Id.* Courts should consider whether the act complained of: (1) is a normal judicial function, (2) occurred in a courtroom or adjunct space like a judge's chambers, (3) centers around a case pending before the court, and (4) arose directly out of a visit to the judge in her official capacity. *Id.* "Allegations of bad faith or malice [against a judge] are not sufficient to overcome judicial immunity." *Id.*

Plaintiff challenges the actions of Roy, who presided over Plaintiff's case in City of El Campo Municipal Court. (Doc. No. 66 at 2–3). Plaintiff argues that Roy violated Plaintiff's rights by manipulating his case's docket sheet in bad faith. (*Id.* 4–6). Plaintiff also complains of two

arrest warrants Roy issued for Plaintiff's arrest and suggests Roy was targeting him with some kind of personal vendetta. (*Id.* at 6–7). Despite these allegations, Plaintiff concedes that "Defendant [Michelle Roy], while *in the capacity of her official position*, has engaged in judicial misconduct…" (*Id.* at 7) (emphasis added). Managing a case load and issuing arrest warrants are normal judicial functions. These actions occurred in El Campo Municipal Court while Roy presided over Plaintiff's case in her official capacity. (*Id.* at 3–4). Therefore, at this stage the Court cannot find that Judge Roy's actions were non-judicial acts for which she is not immune from suit. *Davis*, 565 F.3d at 220.[5]

As Plaintiff has failed to overcome Defendant Roy's absolute defense to suit of judicial immunity, Plaintiff's Motion for Summary Judgment against Defendant Roy, (Doc. No. 66), is **DENIED**.

### E.  Plaintiff's Motion for Summary Judgment against Defendant Kourtney Gonzales, El Campo Police Department, and City of El Campo (Doc. No. 68)[6]

Plaintiff moved for summary judgment on his claims against Defendants Officer Gonzales, El Campo Police Department, and City of El Campo. (Doc. No. 68). Those defendants then responded. (Doc. No. 72). Plaintiff, as the movant and the party with the burden of proof at trial, must establish an absence of a genuine dispute of material fact on each of the elements of his claims. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Plaintiff brings a § 1983 claim against the City of El Campo. In order to establish a *prima facie* case under 42 U.S.C. § 1983, the plaintiff must allege both (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law. 42

---

[5] Defendant Roy did not file a cross-motion for summary judgment.

[6] The Court briefly addresses this motion despite the fact that it is dismissing Officer Gonzales and the El Campo Police Department because the City of El Campo remains a viable defendant.

U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not make it clear in his motion what federal rights he claims the City of El Campo deprived him of. Plaintiff appears to allege Officer Gonzales violated his *Miranda* rights during her "criminal investigation," and that his Fifth Amendment right was violated when Officer Gonzales "violated the takings clause." (Doc. No. 68 at 13–14).

As to Plaintiff's first allegation against Officer Gonzales, the Supreme Court has held that a violation of *Miranda v. Arizona* "does not necessarily constitute a violation of the Constitution, and therefore such a violation does not constitute 'the deprivation of [a] right . . . secured by the Constitution.'" *Vega v. Tekoh*, 597 U.S. 134, 150 (2022) (quoting 42 U.S.C. § 1983). This means that plaintiffs cannot bring § 1983 claims for alleged violations of their *Miranda* rights, like Plaintiff has here. *See id.* This claim necessarily fails.

Addressing Plaintiff's second allegation, that Officer Gonzalez violated his Fifth Amendment rights, Plaintiff fares no better. There are two general categories of Fifth Amendment takings: *per se* and regulatory. *Degan v. Bd. of Trs. of Dallas Police & Fire Pension Sys.*, 956 F.3d 813, 815 (5th Cir. 2020). A *per se* taking occurs when a government invades real estate or otherwise appropriates physical property. *Id.* Here, Plaintiff appears to allege a *per se* taking by the City of El Campo. (Doc. No. 68 at 13).

Plaintiff contends that "[Officer] Kourtney Gonzales violated [Plaintiff's] Fifth Amendment right to property by violating the takings clause. She simply took Plaintiff's property on her own volition…" (*Id.*). Critically missing here is any indication—let alone evidence—to establish what property was invaded or appropriated. Attached to Plaintiff's motion are El Campo Police Department dispatch reports, a criminal trespass warning issued to Plaintiff, and what

purports to be a deed in Plaintiff's name. (Doc. No. 68-1). These documents fail to establish that Plaintiff's Fifth Amendment rights have somehow been violated.

Overall, Plaintiff has not established the absence of a genuine dispute of material fact for each element of either of his claims. Plaintiff has failed to meet the required summary judgment pleading standards under Rule 56, so his Motion for Summary Judgment against Defendants Kourtney Gonzales, El Campo Police Department, and City of El Campo is **DENIED**.

### F. Defendant Wharton County, Texas's 12(b)(5) and 12(b)(6) Motion to Dismiss (Doc. No. 88)

Wharton County moved to dismiss Plaintiff's claims against it for failure to state a claim under Rule 12(b)(6) and for failure to effectuate proper service under Rule 12(b)(5). (Doc. No. 88 at 9). Plaintiff brings his claims against Wharton County under 42 U.S.C. § 1983, and he primarily accuses Wharton County of engaging in negligence and failing to provide adequate training to its sheriff's deputies, particularly training on the case law of *Delaware v. Prouse*. (Doc. No. 43 at 1, 24). Wharton County argues that Plaintiff has failed to sufficiently plead a claim of municipal liability under *Monell*. (Doc. No. 88).

"A municipality, [or in this case a county], is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it through some official [policy]." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Municipal liability under § 1983 requires proof of three elements: (1) an official policy; (2) a policymaker; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). In turn, there are three ways of establishing a municipal policy in order to prove liability under *Monell*. First, a plaintiff can show written policy statements, ordinances, or regulations. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214–15 (5th Cir. 2019). Second, a plaintiff can show

17

a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. *Id.* at 2015. Third, a plaintiff can rely upon a single decision as a municipal policy in rare circumstances when the official or entity possessing final policymaking authority for the action performs the specific act that forms the basis of the § 1983 claim. *Id.* at 215.

Here, Plaintiff appears to allege that the underlying constitutional violation occurred when Wharton County Sheriff's Deputy Corporal Tyler Mican ("Mican") "pulled him over without cause to randomly check Plaintiff's registration and insurance." (Doc. No. 43 at 22). After which, Mican allegedly "used excessive force" when he "pointed a gun at Plaintiff's head." (*Id.*). Plaintiff contends Wharton County is also liable because it "neglected to provide oversight and adequate procedural training to its deputies," which interfered with "Plaintiff's right to be free from a rogue police force." (*Id.*). The policy at issue here appears to be Wharton County's alleged failure to train its deputies. *See* (*id.*).

Plaintiff's claim fails on the first element as he has failed to plead with particularity an official policy of Wharton County's that caused the alleged constitutional violation. First, Plaintiff pleads no facts regarding Wharton County having a written policy or regulation that caused a violation of Plaintiff's rights. Plaintiff also fails to plead any pattern or practice by Wharton County that would amount to a policy. To show a pattern or practice, a plaintiff is required to show "sufficiently numerous prior incidents, as opposed to isolated instances." *Peterson*, 588 F.3d at 851. Here, Plaintiff only alleges one isolated, prior incident that could potentially be viewed as illustrating a pattern or practice. Plaintiff also fails to show he falls into the "rare circumstance" of the third type of "official policy" under *Monell*—that the official or entity possessing final policymaking authority for the action performed the specific act that forms the basis of the § 1983

claim. In sum, beyond conclusory and colorful accusations of "corruption," Plaintiff fails to specifically allege facts sufficient to plead an "official policy" that would underly a claim of municipal liability under *Monell*.

Moreover, Plaintiff fails to allege a constitutional violation that underlies his alleged municipal liability claim. Plaintiff claims his rights under *Delaware v. Prouse* were violated when a Wharton County sheriff deputy was driving behind him, ran his plates, and pulled him over for expired registration. (Doc. No. 43 at 22). *Delaware v. Prouse*, 440 U.S. 648 (1979) holds that, *except* in a situation where there is at least articulable and reasonable suspicion that a motorist is unlicensed or a *vehicle is not registered*, stopping a vehicle solely to check the driver's license and registration is unreasonable under the Fourth Amendment. *Id.* at 663 (emphasis added). The Fifth Circuit has further held that a "motorist has no privacy interest in [his] license plate number." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 529 (5th Cir. 1999).

Contrary to Plaintiff's assertions, the Wharton County deputy complied with *Delaware v. Prouse* and did not violate Plaintiff's rights when he allegedly ran Plaintiff's license plate. *Id.* After which, the deputy had articulable and reasonable suspicion to pull Plaintiff over for having expired registration. *Id.* Therefore, Plaintiff has failed to sufficiently allege any violation of *Delaware v. Prouse*—or any other constitutional violation—by Wharton County, which necessarily causes his municipal liability claim to fail.

His colorful pleading makes it clear Plaintiff feels strongly that he was wronged by his local government. (Doc. No. 43 at 23–25). Nevertheless, Plaintiff, despite proceeding *pro se*, is not exempt from complying with the Federal Rules of Civil Procedure just like all other litigants in federal court. Plaintiff's pleading against Wharton County has failed to provide fair notice of what plaintiff's claim is and the grounds upon which it rests. Fed. R. Civ. P. 8. As such, Wharton

County's Motion to Dismiss is **GRANTED** and Plaintiff's claims against Wharton County, Texas are **DISMISSED** with prejudice.

### G. Remaining Pending Motions

Plaintiff also filed a Motion to Consolidate this Case No. 4:23-cv-1978 with Case No. 4:24-cv-4981. (Doc. No. 93). The 4981 case Plaintiff refers to was closed on June 12, 2025, when a different court remanded the case to the 329th Judicial District Court of Wharton County, Texas (4:24-cv-4981, Doc. No. 8). Based on this, the member case cannot be consolidated into this case, and Plaintiff's motion (Doc. No. 93) is **DENIED** as moot.

Plaintiff's Motion to Sever Cases so that the Wharton County-related defendants and El Campo-related defendants can proceed in separate lawsuits is **DENIED**. (Doc. No. 101). In denying this motion, the Court notes two factors. First, it is dismissing Wharton County from this case, so there is no need to sever those claims. Second, it is apparent from this motion that Plaintiff recognizes that his claims against the City are different than his claims against the County which reinforces this Court's decision to deny the filing of the Third Amended Complaint.

### IV. Conclusion

For the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff's Motion for Summary Judgment and Partial Summary Judgment (Doc. No. 66) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment (Doc. No. 68) is **DENIED**.

3. Plaintiff's Motion for Extension of Time to File Response to Defendant's [72] (Doc. No. 73) is **DENIED** as moot.

4. Defendant City of El Campo, Texas' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 81) is **DENIED**.

5. Defendant Officer Zeller's, and Defendant Officer Gonzales' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 81) is **DENIED** as moot given that the Court is hereby dismissing them because the claims alleged can proceed only against City of El Campo itself.

6. Defendant Wharton County, Texas' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 88) is **GRANTED** as to it.

7. Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 90) is **DENIED**.

8. Plaintiff's Motion for Leave to File Excess Pages (Doc. No. 91) is **DENIED** as moot.

9. Plaintiff's Motion for Temporary Restraining Order (Doc. No. 92) is **DENIED**.

10. Plaintiff's Motion to Consolidate Cases (Doc. No. 93) is **DENIED**.

11. Plaintiff's Motion to Strike [95] Wharton County's Response to Motion (Doc. No. 97) is **DENIED**.

12. Plaintiff's Motion to Sever Cases (Doc. No. 101) is **DENIED**.

For the reasons stated above, Defendants El Campo Police Department, Officer Kourtney Gonzales, and Officer J.A. Zeller are **DISMISSED** from this lawsuit. Plaintiff's claims against Wharton County, Texas are **DISMISSED** with prejudice.

Signed on this ___7___ day of November 2025.

                                         Andrew S. Hanen
                                         United States District Judge