United States District Court
Southern District of Texas

**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOHN LICONA, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-1978 |
| | § | |
| MICHELLE ROY, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is the Rule 12(c) Motion for Judgment on the Pleadings filed by Defendants City of El Campo, Texas, Michelle Roy, and David Marcaurele. (Doc. No. 103). Plaintiff John Licona, Jr. responded in opposition. (Doc. No. 104). For the following reasons, the motion is **GRANTED**, and this case is **DISMISSED**.

### I.     Background

Plaintiff, proceeding *pro se*, has sued numerous officers, municipalities, and agencies of municipalities under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Doc. No. 43). Relevant to the present motion, he has sued Michelle Roy, who is a municipal judge in El Campo Municipal Court. Plaintiff appeared before Roy after he was charged with two counts of theft. Plaintiff has also sued the City of El Campo and its police chief, David Marcaurele. He alleges many complaints against various officers of the El Campo Police Department which the Court detailed in its previous order. (Doc. No. 102). Numerous defendants have already been dismissed. Previously, the Court denied Plaintiff's request to amend his complaint for the third time, resulting in the close of the pleadings. Defendants Roy, Marcaurele, and the City of El Campo now file their motion for judgment on the pleadings, to which Plaintiff responded in opposition. That motion is ripe for resolution.

## II.    Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 544-545 (5th Cir. 2010). A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

2

### III.  Analysis

### A.  Defendant Judge Michelle Roy

A judge has absolute immunity from suits for damages. *Mireles v. Waco*, 502 U.S. 9, 9–10, (1991). There are only two circumstances when judicial immunity may be overcome: a judge is not immune from liability for nonjudicial actions, and a judge is not immune for actions, though judicial in nature, that are taken in the complete absence of jurisdiction. *Davis v. Tarrant Cnty.*, 565 F.3d 214, 220 (5th Cir. 2009). The Fifth Circuit uses a four-factor test to determine if a judge's actions were judicial in nature and thus afforded immunity. *Id.* Courts should consider whether the act complained of: (1) is a normal judicial function, (2) occurred in a courtroom or adjunct space like a judge's chambers, (3) centers around a case pending before the court, and (4) arose directly out of a visit to the judge in her official capacity. *Id.* "Allegations of bad faith or malice [against a judge] are not sufficient to overcome judicial immunity." *Id.*

Judge Roy was the presiding judge over Plaintiff's case in City of El Campo Municipal Court. Plaintiff contends that Roy violated Plaintiff's rights by manipulating his case's docket sheet in bad faith. Plaintiff also complains about two arrest warrants Roy allegedly issued for Plaintiff's arrest and suggests Roy was targeting him with some kind of personal vendetta. Managing a case load and issuing arrest warrants are normal judicial functions. These actions occurred in El Campo Municipal Court while Roy presided over Plaintiff's case in her official capacity. Therefore, Judge Roy's acts were judicial actions covered by judicial immunity. Plaintiff's claims against Defendant Roy are **DISMISSED**.

### B.  Defendant El Campo Police Department Chief David Marcaurele

To the extent Chief Marcaurele has been named in this lawsuit as a defendant independent of the El Campo Police Department, Plaintiff's claims against him fail. Plaintiff maintains

throughout his pleadings that he has sued El Campo Police Chief David Marcaurele in his official capacity. "A claim against a municipal official in his or her official capacity is tantamount to a suit against the municipal entity." *Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 789 (W.D. Tex. 2016), *aff'd,* 891 F.3d 214 (5th Cir. 2018) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978)). "Thus, when a plaintiff asserts claims against both the municipal entity and a municipal official in his or her official capacity, the Court can dismiss the official capacity claim as 'redundant' to the municipal-entity claim." *Id.* (quoting *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010)). The City of El Campo is a defendant in this case, so any claims Plaintiff brings against Chief Marcaurele in his official capacity are **DISMISSED** as they are redundant of those filed against the City of El Campo.

## C.  The City of El Campo

"A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it through some official [policy]." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Municipal liability under § 1983 requires proof of three elements: (1) an official policy; (2) a policymaker; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). In turn, there are three ways of establishing a municipal policy in order to prove liability under *Monell*. First, a plaintiff can show written policy statements, ordinances, or regulations. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214–15 (5th Cir. 2019). Second, a plaintiff can show a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. *Id.* at 2015. Third, a plaintiff can rely upon a single decision as a municipal policy in rare circumstances when the

4

official or entity possessing final policymaking authority for the action performs the specific act that forms the basis of the § 1983 claim. *Id.* at 215.

Plaintiff's Second Amended Complaint contains no factual allegations of an official policy, a specific policy maker, or a violation of constitutional rights by the City of El Campo. Plaintiff includes allegations that El Campo police officers planted evidence to secure arrests and that the officers engaged in cover-up schemes to protect each other rather than be transparent about their conduct. These woefully fall short of the standards set forth under the Federal Rules.

To the extent Plaintiff brings claims against the City of El Campo for alleged failure to train or supervise its employees, that claim also fails. To succeed on a failure-to-train claim, the plaintiff must demonstrate that: "(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Edwards v. City of Balch Springs*, 70 F.4th 302, 312 (5th Cir. 2023) (internal quotations omitted). The plaintiff must allege with specificity how a particular training program is defective. *Id.* "Deliberate indifference" is a high standard. *Id.*

Plaintiff's Second Amended Complaint is noticeably devoid of allegations about what training the City of El Campo failed to provide. He makes conclusory allegations that the City failed to train its employees, but there are no specific allegations regarding the City's policies or how the training programs are defective.[1] There are certainly no allegations sufficient to demonstrate any alleged failure to train met the high "deliberate indifference" standard. *See id.*

---

[1] Plaintiff specifically asks "who is training this officer?" referring to an El Campo Police Officer. He then asks "What academy did she attend? . . . Who is training her? Mickey Mouse?" (Doc. No. 43 at 10).

5

## IV.    Conclusion

For the foregoing reasons, Plaintiff's claims against Defendants Michelle Roy, the City of El Campo, and El Campo Police Chief David Marcaurele are **DISMISSED** with prejudice. The only remaining defendant in this lawsuit is Chris Barbee, the former Mayor of the City of El Campo. Barbee was never served, nor does the docket reflect Plaintiff ever requested summons be issued for Barbee. Plaintiff had ninety days to serve Barbee. *See* Fed. R. Civ. P. 4(m). That deadline has long since passed. To the extent Barbee was a defendant named in this lawsuit, any claims against him are **DISMISSED** without prejudice due to Plaintiff's failure to effectuate service.

As a result, no live claims continue. Plaintiff's case is **DISMISSED**. The Clerk is **ORDERED** to close this case.

It is so ordered.

Signed on this ___21 st___ day of July, 2026.

Andrew S. Hanen
United States District Judge